**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **DANIEL CODY WATKINS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 23-CV-0186-CVE-SH** |
| | ) | |
| **SCOTT TINSLEY, Interim Warden,**[1] | ) | |
| | ) | |
| **Respondent.** | ) | |

### OPINION AND ORDER

Petitioner Daniel Cody Watkins, an Oklahoma prisoner appearing pro se, seeks federal

habeas relief under 28 U.S.C. § 2254, asserting that he is in state custody in violation of federal

law pursuant to the criminal judgment entered against him in Tulsa County District Court Case

No. CF-2008-1447.  See Dkt. # 1.  Watkins alleges that he received ineffective assistance of

counsel, he has newly discovered evidence, and he is actually innocent.  Id. at 5-8.[2]  The Court

screened Watkins's petition and found "that one or all claims raised in the petition may be barred

by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations."  Dkt. # 5, at 1.  The Court directed

respondent to file a "limited response addressing the timeliness of the claims raised in the petition."

Id.

Respondent filed a limited response as directed and Watkins filed a reply.  The Court has

considered Watkins's petition (Dkt. # 1), respondent's limited response (Dkt. # 8), Watkins's reply

---

[1]     Watkins is incarcerated at Dick Conner Correctional Center, and Scott Tinsley is the interim
warden of that facility.  The Court therefore substitutes Scott Tinsley, interim warden, in
place of Carrie Bridges as party respondent.  See Rule 2(a), Rules Governing Section 2254
Cases in the United States District Courts.  The Clerk of Court shall note on the record this
substitution.

[2]     The Court's citations refer to the CM/ECF header pagination.

(Dkt. # 10), and applicable law.  For the following reasons, the Court dismisses Watkins's petition as time-barred.

### I.    Background

Watkins entered a blind plea of guilty to the crime of sexual abuse of a minor child.  Dkt. # 8, at 46, 48.  Watkins was sentenced to life imprisonment with the possibility of parole, on October 2, 2008.  Id. at 53.  On May 18, 2009, Watkins filed an application for post-conviction relief and motion to withdraw plea out of time.  Id. at 56-66.  The state district court denied both on June 26, 2009.  Id. at 68-80.  On October 2, 2009, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed the denial of Watkins's application for post-conviction relief.  Id. at 113-115.

Watkins did not seek any further post-conviction relief until June 13, 2017, when he filed a second application for post-conviction relief.  Dkt. # 8, at 116-127.  Between June 13, 2017, and May 5, 2023, Watkins endeavored to obtain relief from the state courts.  See id. at 113-294.  When these efforts proved unsuccessful, Watkins filed the instant petition on May 1, 2023.[3]  Dkt. # 1.

As noted, Watkins alleges: i) he received ineffective assistance of counsel; ii) he possesses newly discovered evidence that he has never had genital herpes and his counsel failed to investigate this fact; and iii) he is actually innocent because on the day of the alleged offense he was in Arkansas.  Dkt. # 1, at 5-8.  Respondent contends Watkins's petition is untimely pursuant to 28 U.S.C. § 2244(d)(1), and Watkins is not entitled to equitable tolling or an equitable exception to the applicable statute of limitations based on actual innocence.  See Dkt. # 8, at 7-27.  As detailed below, the Court agrees with respondent that the petition is time barred.

---

[3]    Watkins's petition was received by the Clerk of Court on May 5, 2023.  Dkt. # 1, at 1. However, because there is evidence showing that he placed the petition in the prison's legal mail system on May 1, 2023, the Court deems the petition filed May 1, 2023.  Id. at 15; see also Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts.

## II.   Applicable limitations period

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), state prisoners have one year from the latest of four triggering events in which to file a federal habeas petition.  28 U.S.C. § 2244(d)(1).  These events include:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; [and]

> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  The one-year limitations period generally runs from the date the judgment became "final" under § 2244(d)(1)(A), unless a petitioner alleges facts that implicate § 2244(d)(1)(B), (C), or (D).  See Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000).

### A.  28 U.S.C. § 2244(d)(1)(A)

As outlined above, Watkins was sentenced on October 2, 2008.  Dkt. # 8, at 53.  He did not file an application to withdraw his plea as required by Oklahoma law.  See Rule 4.2(A), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2021).  His conviction thus became final on October 12, 2008.  See Jones v. Patton, 619 F. App'x 676, 678-79 (10th Cir. July 15, 2015)[4] (finding that for purposes of the limitations period under 28 U.S.C. § 2244(d), an Oklahoma conviction following a guilty plea became final ten days after entry of the judgment and

---

[4]   The Court cites all unpublished decisions herein as persuasive authority.  FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1(A)

sentence).  Watkins's one-year period to file a petition for writ of habeas corpus began October 13, 2008, and, absent statutory tolling, expired October 13, 2009.  The Court finds, absent any tolling events, the May 1, 2023 petition is untimely under 28 U.S.C. § 2244(d)(1)(A).

### B.  28 U.S.C. § 2244(d)(1)(D)

While Watkins does not explicitly allege that his petition is timely pursuant to 28 U.S.C. § 2244(d)(1)(D), the Court liberally construes his petition as implicating § 2244(d)(1)(D).  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  "By its plain language, § 2244(d)(1)(D) is directed to when the factual predicate of a petitioner's claim or claims could have been discovered through the exercise of due diligence."  Resinger v. Farris, 804 F. App'x 1001, 1002 n.2 (10th Cir. 2020).  "A factual predicate constitutes the vital facts underlying those claims."  Purkey v. Kansas, 281 F. App'x 824, 827 (10th Cir. 2008) (cleaned up).

Watkins alleges that he possesses newly discovered evidence that he does not have genital herpes.  Dkt. # 1, at 7.  In support of this position, Watkins attached a January 24, 2017, Oklahoma Department of Corrections report from a medical visit wherein "[o]ffender without symptoms and requesting testing for stds for legal reasons. … Offender wants to prove that he does not have genital warts."  Dkt. # 1-1, at 1.  The doctor's assessment concludes, "normal circumcised genitalia[.]"  Id. at 2.  The plan of action stated, "notify of lesions, ulcerations or other changes of genitalia, notify of other concerns, recheck prn, recheck missed lesions or other problems[.]"  Id.

Assuming this document does support Watkins's claim that he never had genital herpes, Watkins does not articulate why this information could not have been ascertained prior to 2017

through the exercise of due diligence.  Therefore, a later commencement date pursuant to § 2244(d)(1)(D) is unavailable to Watkins.[5]

### III.    Statutory tolling

Under 28 U.S.C. § 2244(d)(2), the limitations period is statutorily tolled during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim."  28 U.S.C. § 2244(d)(2).  This statutory tolling provision does not apply to state petitions for post-conviction relief filed beyond the one-year limitations period prescribed by the AEDPA.  Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006).  Watkins filed his first application for post-conviction relief on May 18, 2009, before the expiration of his one-year limitations period under § 2244(d)(1)(A).  See Dkt. # 8, at 56-66. Therefore, the limitations period was tolled during the pendency of the first application, from May 18, 2009, until October 2, 2009.  Lawrence v. Florida, 549 U.S. 327, 332 (2007); see also Dkt. # 8, at 113-115.  As such, Watkins had 148 days remaining in his limitations period to file his federal habeas petition, or until March 1, 2010.[6]  Accordingly, Watkins's May 1, 2023 petition, even with the benefit of statutory tolling, is still untimely.[7]

### IV.    Equitable Tolling

While the one-year statute of limitations may be subject to equitable tolling, equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the

---

[5]    Watkins did not allege any facts triggering §§ 2244(d)(1)(B) or (C).  Therefore, the Court does not analyze either subsection.

[6]    Watkins's 148 days technically elapsed February 28, 2010.  Since February 28, 2010, was a Sunday, Watkins's time to file extended to Monday, March 1, 2010. FED. R. CIV. P. 6(a)(1)(C).

[7]    Watkins's June 13, 2017 application for post-conviction relief and subsequent efforts to obtain relief from the state courts did not toll the applicable statute of limitations because they were filed after March 1, 2010.  Clark, 468 F.3d at 714.

failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Moreover, Watkins's "burden in making this demonstration is a heavy one: [federal courts] will apply equitable tolling only if he is able to show specific facts to support his claim of extraordinary circumstances and due diligence." Vigil v. Jones, 302 F. App'x 801, 804 (10th Cir. 2008) (internal quotations and citation omitted).

Throughout his petition, Watkins references his unfamiliarity with the law. Dkt. # 1, at 7, 13. Watkins's status as a "layman" does not render equitable tolling available to him. See Marsh, 223 F.3d at 1220 ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing."). Throughout his reply, Watkins also cites misplaced reliance on prison law clerks. See Dkt. # 10. However, this particular circumstance does not entitle a habeas petitioner to equitable tolling. Marsh, 223 F.3d at 1220 (Tenth Circuit concluded equitable tolling was inapplicable, in part, because "[t]he fact that an inmate law clerk was assisting in drafting … does not relieve [petitioner] from the personal responsibility of complying with the law.").

Finally, Watkins's alleged mental incompetence does not render equitable tolling applicable. Watkins states he "was incompetent at time of plea and was lead [sic.] into what to say. I did not understand the proceedings against me. I filed 2 days after my guilty plea an application to WD plea and mailed it to the court. I never had a hearing to WD my plea." Dkt. # 1, at 5. Watkins includes a purported letter he mailed to the state district court on October 4, 2008. See id. at 16-17. The letter states he is "depressed and suicidal and I am not mentally fit then or now to enter a guilty plea." Id. at 16.

First, mere allegations of incompetency at the time of the plea are insufficient to establish an extraordinary circumstance. See Jackson v. Hargett, 188 F.3d 518 (10th Cir. 1999) (unpublished table decision) ("An allegation of incompetency at the time of his state court conviction, almost

eleven years prior to filing his federal habeas petition, does not suffice[]" to warrant equitable tolling.); see also Fisher v. Gibson, 262 F.3d 1135, 1145 (10th Cir. 2001) (Petitioner's "mere allegations of incompetency at the time of his [] pleas … do not suffice" to warrant equitable tolling.). These self-serving allegations are insufficient to establish "specific facts" that satisfy the "heavy" burden required to trigger equitable tolling.

Second, Watkins failed to explain how his failure to timely file the instant petition was caused by his alleged mental incompetence. Marsh, 223 F.3d at 1220 (petitioner must demonstrate "that the failure to timely file was caused by extraordinary circumstances beyond his control." (emphasis added)); see also Ross v. Varano, 712 F.3d 784, 803 (3d Cir.2013) ("[F]or a petitioner to obtain [equitable tolling] relief there must be a causal connection, or nexus, between the extraordinary circumstances he faced and the petitioner's failure to file a timely federal petition." (cited by Del Rantz v. Hartley, 577 F. App'x 805, 811 (10th Cir. 2014)); see also Richardson v. McNeil, Case No. 07-60872-CIV-Martinez, 2008 WL 11470809, at *3 (S.D. Fla. May 12, 2008) (unpublished) (same within the context of a mental incompetency allegation). Assuming Watkins's October 2008 letter is legitimate,[8] it establishes he had the capacity to raise the competency issue as early as 2008 and comply with state court deadlines. Nothing in Watkins's petition establishes his alleged mental incompetence amounted to an extraordinary circumstance which prevented him

---

[8]   The Court questions the legitimacy of Watkins's letter. The purported October 2008 letter was never filed in the state district court (see Dkt. # 8, at 28-34), and the first time Watkins presented the letter to the state courts was in his April 14, 2023 petition for post-conviction relief writ of certiorari (see id. at 256-264). Significantly, the letter was not attached to Watkins's first application for post-conviction relief or his motion to withdraw plea out of time. See id. at 56-67.

from filing the instant petition within the applicable one-year limitations period provided in §

2244(d)(1)(A).[9]

Nor has Watkins established he exercised due diligence.  He waited thirteen years after the

OCCA affirmed the denial of his post-conviction application before he filed the instant petition.

Dkt. # 8, at 113-115; Dkt. # 1.  His petition offers no reason for this delay.  For these reasons, the

Court concludes Watkins is not entitled to equitable tolling, and his May 1, 2023 petition, filed

well beyond the AEDPA statute of limitations deadline, is time-barred.

## V.    Actual Innocence

Finally, Watkins alleges that he is actually innocent.  Dkt # 1, at 8.  Successful actual-

innocence claims are rare due to the demanding evidentiary requirements for such claims.

McQuiggin v. Perkins, 569 U.S. 383, 386 and 401 (2013); House v. Bell, 547 U.S. 518, 538 (2006).

"[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of

new evidence, 'it is more likely than not that no reasonable juror would have found petitioner

guilty beyond a reasonable doubt.'"  House, 547 U.S. at 536-37 (quoting Schlup v. Delo, 513 U.S.

298, 327 (1995)); accord McQuiggin, 569 U.S. at 399 (applying the same standard to petitions

asserting actual innocence as a gateway to raise habeas claims that are time-barred under §

2244(d)(1)).  "To be credible, a claim of actual innocence requires a petitioner to present 'new

reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts,

---

[9]    To the extent the petition could be generously construed as asserting that Watkins's alleged incompetence prevented him from exercising the reasonable diligence to obtain a later commencing limitations period under § 2244(d)(1)(D), the Court agrees with respondent that even granting Watkins a later commencement date of January 24, 2017, under § 2244(d)(1)(D), and giving him the benefit of statutory tolling for that later commencing period, the petition is still time barred and he cannot benefit from equitable tolling for the reasons just discussed.  See Dkt. # 8, at 16-18.

or critical physical evidence—that was not presented at trial.'" Fontenot v. Crow, 4 F.4th 982, 1031 (10th Cir. 2021) (quoting Schulp, 513 U.S. at 324).

First, Watkins's guilty plea undermines his claim of actual innocence. See, e.g., Johnson v. Medina, 547 F. App'x 880, 885 (10th Cir. 2013) ("While [petitioner] claims that his guilty plea was involuntary and coerced, the state courts rejected that argument, and his plea of guilty simply undermines his claim that another individual committed the crime to which he pled guilty."). Second, Watkins did not satisfy the demanding evidentiary requirements necessary to raise an actual innocence gateway claim. Watkins did not present the Court with any evidence to support his claim; Watkins merely provides self-serving allegations that he was in Arkansas on the date of the offense[10] and that he never had genital herpes.[11] Therefore, Watkins's actual innocence gateway claim fails. For all the reasons explained above, Watkins's petition is time barred.

**VI.    Conclusion**

The Court finds and concludes that Watkins's petition for writ of habeas corpus is time-barred. The Court therefore dismisses the petition. The Court further concludes that no certificate of appealability shall issue because no reasonable jurists would debate the denial of the petition on statute-of-limitations grounds. 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**IT IS THEREFORE ORDERED** that petitioner Daniel Cody Watkins's petition (Dkt. # 1) is **dismissed** as time-barred; a certificate of appealability is **denied**; and a separate judgment of dismissal shall be entered in this matter.

---

[10]    Watkins fails to articulate how being in Arkansas on December 4, 2001, establishes he is actually innocent when he stated in his plea paperwork that he sexually abused the child victim between December 4, 2001, and December 4, 2007. Compare Dkt. # 1, at 8 and 13 with Dkt. # 8, at 48.

[11]    Contrary to Watkins's allegations, the ODOC report does not establish whether Watkins had genital herpes in 2001. See Dkt. # 1-1, at 1-2.

**IT IS FURTHER ORDERED** that the Clerk of Court shall note on the record the substitution of Scott Tinsley, interim warden, in place of Carrie Bridges as party respondent.

**DATED** this 22nd day of April, 2026.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE